WATFORD, Circuit Judge,
dissenting:
The district court didn’t abuse its discretion by denying plaintiffs fees for work performed on the unsuccessful appeal. I would affirm.
This case is no different from the following hypothetical. Let’s say a plaintiff prevails at trial by winning an award of compensatory and punitive damages. The defendant challenges only the award of punitive damages on appeal and wins outright by getting the entire punitive damages award reversed. On remand, the plaintiff is still the prevailing party in the case as a whole, having secured a judgment in her favor for compensatory damages, which still stands. And the plaintiff would undoubtedly be entitled to an award of attorney’s fees for work performed in the trial court. But all would agree, I *460 assume, that the district court could permissibly deny fees for work performed on the unsuccessful appeal, since the appeal contributed nothing to the plaintiffs ultimate victory, and in fact resulted in the scope of the plaintiffs initial victory being cut back.
That’s precisely what happened here. Plaintiffs won in the district court and obtained an injunction of considerable breadth. On appeal, the government didn’t challenge plaintiffs’ entitlement to an injunction; it just asked to have the breadth of the injunction cut back. Our court agreed with the government. We vacated the original injunction and remanded for entry of a new injunction commensurate with what the government had proposed. In doing so we rejected each of plaintiffs’ attempts to defend the broader injunction they had initially won.
On remand, plaintiffs were still the prevailing parties, and they were entitled to an award of attorney’s fees for the work performed in the district court. They got that, to the tune of almost $1.2 million. I suppose the district court could have awarded fees for the appeal as well, if it had found that work on the appeal contributed in at least an indirect way to preservation of the injunctive relief ultimately obtained. But the district court instead found, quoting Clark v. City of Los Angeles, 803 F.2d 987, 993 (9th Cir.1986), that “although plaintiffs ‘were prevailing parties in the case overall, it is clear that nothing associated with the appeal contributed to any favorable result achieved by the litigation.’ ” Given that finding, which the majority doesn’t contest, I don’t see how we can say the district court abused its discretion by denying fees for the appeal.